JOHN ASHLEY *vs.* ALLEN WOLCOTT & others.

A declaration alleging that a brook run through the plaintiff's land in its natural channel, and across the defendant's land, and that the defendant obstructed the same, is not supported by proof of a right of mere surface drainage from the plaintiff's land over the defendant's land, without any regular stream, channel, or banks.

A witness testifying to the existence of a certain watercourse, stated that many years previous, as he was putting in a water wheel, the plaintiff's father struck him, and he still bore the marks on his arm.   Being asked by the party calling him, to show the marks to the jury, the presiding judge refused to allow it, and this ruling was held correct.

THIS was an action of tort, in which the plaintiff alleged in substance, that across certain land belonging to him there was a certain brook, the water of which has been accustomed to run in its natural channel from time immemorial, and from said land across the land of Allen Wolcott, (one of the de-

fendants,) and thence into Ashley's pond; and that the defendants did fill up the channel of said brook, and construct and maintain an embankment or dam across the same, and thereby caused the water of said brook to set back and overflow the land of the plaintiff, to the injury of the same, &c. The defendants denied that there was a certain brook as described in the declaration, the water of which has been accustomed to run as therein alleged, &c.; and also denied that they had constructed and maintained across said brook, if any such there was, an embankment as set forth in the declaration.

At the trial before *Metcalf*, J. the plaintiff introduced testimony tending to prove that, for a great number of years, the water from his land had been discharged through an outlet, leading into the land of Allen Wolcott, one of the defendants, through a small ridge that divided his land from that of the plaintiff, and that the defendants had obstructed said outlet and thereby injured the plaintiff, by preventing the flow of the water as it formerly used to pass.

The defendants introduced evidence tending to prove that there never was any channel through the aforesaid ridge; that there was only a slight depression in one part thereof, and that when the water was high in the spring and autumn, or when great rains fell in the summer, the water *set over* at the place where said depression was; but that there never was any current of water there; that for most of the year the water was too low to pass over the ridge, even at the depression, and did not pass over it, and that there was no ditch or drain through the ridge. The defendants also contended that the overflowing of the plaintiff's land, alleged in his declaration, was caused by himself, in shutting up an outlet at the southwest part of his land, through which the water from his land formerly passed off, and they introduced testimony tending to show this fact. But the plaintiff introduced testimony to the contrary. The evidence was entirely contradictory as to both said alleged outlets.

The defendants contended that the plaintiff could not maintain this action, if the jury believed that the water

passed over or through the ridge, which divides the parties' lands, only when the water was high, and that there was no current of water, or any standing water there during a considerable part of the year; the plaintiff having alleged the obstruction of a brook as the cause of the injury to his land; and they requested the judge so to instruct the jury. But the jury were instructed that if they were satisfied by the evidence that the water had been accustomed to drain off from the plaintiff's land, upon the land of Allen Wolcott, in the spring and autumn, and at other times when the water was high, and the defendants had obstructed such passage of the water, to the plaintiff's injury, then this action might be maintained, although there was no stream, within the channel of which the water regularly run. [See *Ward* v. *Metcalfe*, Clayt. R. 96.]

A witness introduced by the defendants in testifying concerning the existence and condition of the outlet for water at the southwest part of the plaintiff's land, stated that he had long known such outlet, and that from twenty-six to thirty years ago, he and another lad were engaged in damming up said outlet for the purpose of putting in a little water-wheel, and that Elisha Ashley (the plaintiff's father) who then owned the land now belonging to the plaintiff, caught him and the other lad so damming up the water, and struck him (the witness) two blows with a cartwhip, both of which blows drew blood and left marks on his breast and arms which were there still, and which he could show. The defendants' counsel asked the witness to show said marks to the jury; but the judge refused to allow the witness to show them. The verdict was for the plaintiff, and the defendants excepted to these rulings and instructions.

*G. Ashmun & W. G. Bates*, for the defendants.

*J. Wells*, for the plaintiff.

Bigelow, J. Upon a careful consideration of the instructions given to the jury in this case, taken in connection with the pleadings and the prayer of the defendants for a different ruling, we are of the opinion that the verdict cannot be maintained. The plaintiff, in his declaration, alleges that he is the owner of land across which is " a certain brook accustomed to

run in its natural channel from time immemorial," from said land across the land of the defendants into a pond, and that the defendants did wrongfully "fill up the channel of said brook, and construct an embankment or dam across the same." The defendants, in their answer, deny "there was a certain brook, as described in the plaintiff's declaration," accustomed to run as therein alleged, and if there was any such brook, they further deny the construction of any embankment across the same, as set forth in the declaration. It is manifest that the main issue between the parties, on these pleadings was, upon the question of the existence of a brook or stream of water. It was averred by the plaintiff and denied by the defendants, and constituted the gist of the case, without proof of which the plaintiff could not maintain his action. It was not enough, therefore, for the plaintiff to prove, in support of his declaration, a mere right of surface drainage from his land on, through, and over that of the defendants' in the spring and autumn, and at other times when the water was high, without proof of a stream or brook within the channel of which the water regularly run. He had averred no such right, and if he proved it, it was an entire variance between his allegation and proof, and established a case different from that set out by him in his declaration, and one which the defendants were not bound to meet. Nor is such a variance by any means immaterial. A mere right of drainage over the general surface of land is very different from the right to the flow of a stream or brook across the premises of another. There is a broad distinction between a regular flowing stream and occasional and temporary outbursts of water, which in times of freshets fill up low and marshy places, and run over and inundate adjoining lands. To maintain the right to a watercourse or brook, it must be made to appear that the water usually flows in a certain direction, and by a regular channel, with banks or sides. It need not be shown to flow continually; it may be dry at times, but it must have a well defined and substantial existence. Angell on Watercourses, § 4. *Shields* v. *Arndt,* 3 Green Ch. R. 234, 246; *Luther* v. *Winnisimmet Co.* 9 Cush. 171. We are apprehensive that this distinction was

not sufficiently regarded in the instructions to the jury at the trial of this case, and that the rights of the parties may have been misapprehended, and the evidence misapplied in making up the verdict.    The question at issue between the parties was, not whether the plaintiff had a remedy against the defendants for obstructing water which had been accustomed to drain off from the land of the plaintiff on and over that of defendants, although there was no stream within the channel of which the water regularly run, but whether there was a brook or watercourse through defendants' land, in the legal sense of those words, which the defendants had obstructed to the plaintiff's injury, as alleged in the declaration.

The exception taken to the refusal of the court to permit a witness to expose certain marks alleged by him to exist upon his body cannot be sustained, for various reasons.    In the first place, we think it was a matter of discretion with the presiding judge to decide whether the marks should be shown, to be determined upon his view of the fitness and propriety of the act, to which no exception lies.    In the next place, it was an attempt by a party to corroborate his own witness before he was impeached on cross-examination or otherwise, which was clearly inadmissible. *Deshon* v. *Merchants' Ins. Co.* 11 Met. 199–209.    And lastly and chiefly, the fact sought to be shown was wholly immaterial and irrelevant, and had no tendency to confirm the evidence of the witness in any matter in issue. If the marks did exist on his body, as testified by him, that fact did not confirm his statement as to the place and time when the blows, which caused the scars, were inflicted, nor that they were given under the circumstances stated by the witness.    These facts, which were the only material ones, would have still been proved solely by the unsupported testimony of the witness.                              *New trial granted.*